IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 01-00599-TUC-CKJ |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| JOEL BOTELLO-QUINONES, ) | |
| Defendant. ) | |

Pending before the Court is the Report and Recommendations ("R&R")[Doc. #84] prepared by Magistrate Judge Glenda E. Edmonds. The defendant filed an objection [Doc. #85].

**I. Background**

The following facts are taken from the R&R:

> On August 27, 2002, having been convicted of Illegal Re-entry after Deportation Subsequent to an Aggravated Felony the defendant was sentenced to a 30 month term of incarceration, to be followed by a 36 month period of supervised release which commenced upon his release from prison on June 12, 2003. On March 1, 2006, the present petition was filed alleging the defendant violated a special condition which prohibited his re-entry into the U.S. without legal authorization if deported. Specifically, it is alleged Botello-Quinones

1  was deported/removed on June 12, 2003, and was subsequently found in
2  Phoenix, AZ on January 29, 2006, having received no legal authorization to
3  re-enter.

4 The R&R was filed on February 20, 2007, recommending this Court find the defendant has violated the conditions of his supervised release. The objection was filed on March 2, 2007.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1) this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original). If an objection is made, the court reviews de novo only the portion to which the objection was made, the remainder is reviewed for clear error. *McDonnell Douglas Corp. V. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

An objection having been made, this Court reviews the R&R accordingly.

## III. Discussion

Defendant objects to the last issue discussed in the R&R, specifically, whether he received actual notice of the conditions of his supervised release. Defendant points to *United States v. Ortuno-Higareda*, 421 F.3d 917 (9th Cir. 2005), in which the court held that revocation of the defendant's supervised release was an abuse of discretion due to the fact that defendant did not receive sufficient notice of his release conditions. However, on March 16, 2007, in an *en banc* decision, the Ninth Circuit Court of Appeals vacated the opinion of the three-judge panel and dismissed the appeal as moot. Therefore, reference to the case is misplaced.

1  Defendant asserts that his probation officer was required to give him a written
2 statement setting forth his release conditions and cites 18 U.S.C. § 3603(1)[1] for that
3 proposition. However, this is precisely the same argument that was raised in *United States*
4 *v. Ortega-Brito*, 311 F.3d 1136 (9th Cir. 2002). The Ninth Circuit Court of Appeals, agreeing
5 with previous holdings by the First and Eighth Circuits, held that "where a releasee received
6 actual notice of the conditions of his supervised release, a failure to provide written notice
7 of those conditions will not automatically invalidate the revocation of his release based upon
8 a violation of such conditions." *Id* at 1138. In the present case, the defendant received oral
9 notice of his release conditions, which he concedes. [Doc. #85 pg. 2, lines 13-14]

10  The defendant concludes by arguing that the rule of lenity should apply, in that 18
11 U.S.C. § 3603(1), being the more favorable rule, should be the one this Court applies. The
12 Unites States Supreme Court has "instructed that ambiguity concerning the ambit of criminal
13 statutes should be resolved in favor of lenity" *Jones v. United States*, 529 U.S. 848, 858
14 (2000)(citing *Rewis v. United States*, 401 U.S. 808, 812 (1971)). However, in this case the
15 statute itself is not ambiguous, and there is a clear interpretation from the Ninth Circuit Court
16 of Appeals as to its application. Therefore, the rule of lenity does not apply. *See United*
17 *States v. Wyatt*, 408 F.3d 1257, 1262 (9th Cir. 2005).

18  In conclusion, this Court agrees with Magistrate Judge Edmonds' findings that the
19 defendant received actual notice of his conditions of supervised release through oral
20 instruction at his 2002 sentencing hearing.

21  As to the remaining issues that were not objected to by the parties, the Court has
22 reviewed the entire record and concludes that Magistrate Judge Edmond's recommendations
23 are not clearly erroneous. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema*

---

[1] 18 U.S.C. §3603(1) states that: [a probation officer shall] instruct a probationer or a person on supervised release, who is under his supervision, as to the conditions specified by the sentencing court, and provide him with a written statement clearly setting forth all such conditions;

1 *Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

**IV. Conclusion**

This Court finds that the defendant was in violation of his conditions of supervised release and adopts Magistrate Judge Edmonds' Report and Recommendations in full.

IT IS HEREBY ORDERED THAT:

1. A disposition report be prepared in this matter.

2. Disposition is set for **June 15, 2007, at 2:30 p.m.**

3. The Office of the Clerk of the Court shall send a copy of this order to United States Probation.

DATED this 28th day of March, 2007.

_____
Cindy K. Jorgenson
United States District Judge